**STATE of Tennessee, Appellee,**

v.

**Larry Dale MONDAY, Appellant.**

Court of Criminal Appeals of Tennessee.

June 18, 1981.

Permission to Appeal Denied by Supreme Court Aug. 31, 1981.

John Douglas Godbee, Knoxville, for appellant.

William M. Leech, Jr., State Atty. Gen., William W. Hunt, III, Asst. State Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Richard McConnell, Asst Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of grand larceny and sentenced to serve not less than three (3) years nor more than three (3) years.

The defendant says the trial judge should have consolidated his case with the case charging another person with receiving the property which was stolen, says his confession should not have been admitted into evidence, and says the trial court should have granted his motion for a continuance.

The judgment is affirmed.

The defendant does not contest the sufficiency of the evidence, which shows a cement mixer was stolen from AAA Rental Store on May 26, 1979. The investigation led to the defendant, who confessed he had stolen the machine.

The defendant filed a motion to have Roy Collins, who was indicted for receiving the stolen machine, joined in the trial of the larceny charge against him. The defendant insisted the two charges were interrelated and the evidence as to both would be required in either of the cases. This he says

constituted a common scheme or plan requiring joinder of defendants under Rule 8(c)(3)(i)(ii), T.R.Cr.P.

The defendant says because Collins was charged with receiving the stolen machine this indicated Collins was involved in the same larceny. The defendant, however, has not demonstrated this to be the case. Further, the defendant has not shown any prejudice as a result of the refusal of the trial judge to join Collins' case for trial with his case.

■ Larceny and receiving stolen property are not the same offense. Because a person is charged with receiving stolen property does not create a presumption of conspiracy or a common scheme or plan which would require joinder of defendants.

Beyond what we have said, the State had subpoenaed Collins as a witness in the defendant's trial. Although Collins was not called as a witness,[1] he apparently had made a statement to the police which implicated the defendant in the larceny. A consolidation of Collins' case with this case would have prohibited the State from introducing the statement of Collins under *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

■ In cases of motion to sever cases against co-defendants, the trial judge is vested with discretion to allow or deny severance. *Brady v. State*, 584 S.W.2d 245 (Tenn.Cr.App.1979). Although, so far as we can find, the motion to join defendants is a matter of first impression, we are of the view the trial judge has discretion to allow or disallow the motion; and, unless there is a showing the discretion is abused, the ruling of the trial judge thereon will not be disturbed on appeal. We find no abuse of discretion in the action of the trial judge herein.

■ The defendant says the trial judge erroneously found the confession given by him was voluntary because he was under the influence of drugs when the confession

1. Collins' attorney was present at the hearing on the motion for joinder and objected thereto and informed the court he would invoke the

Fifth Amendment if Collins were called as a witness.

was given and because a promise of reduction in bond was made in exchange for the confession.

In a hearing before the trial judge, the officers testified the defendant was not under the influence of drugs, and the officers testified they did not promise the defendant a reduction in bond if he would confess.

The defendant and his wife testified he was under the influence of drugs at the time of the confession. Additionally, the defendant testified the officer offered him a reduced bond if he would confess.

The trial judge weighed the evidence and the credibility of the witnesses, after which he found the confession was voluntarily and knowingly made without inducements therefor. The trial judge did not erroneously allow the confession into evidence. *Houston v. State*, 593 S.W.2d 267 (Tenn. 1979).

■ In argument in the brief before this court, the defendant says his motion for continuance, made in the trial court, should have been granted because he did not receive a copy of the confession until the morning of trial.

The motion, made in the trial court, for a continuance was not based upon this. The motion for continuance was made by the defendant pro se, in which the defendant sought to obtain another attorney because of his claim the attorney representing him was not properly doing so. The defendant may not obtain a new trial on the basis of a grounds for continuance which was not made in the trial court.

WALKER, P. J., and SCOTT, J., concur.